1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

_____
)
11    **Federal Trade Commission**,                 )    Case No. SACV09-117-DOC(MLGx)
)
12                    Plaintiff,                            )
)
13                    v.                                   )
)
14    **National Foreclosure Relief, Inc.**,        )    **Preliminary Injunction With Asset**
       a corporation;                                 )    **Freeze, Appointment of Permanent**
15                                                        )    **Receiver and Other Equitable Relief**
       **David Ealy**,                                   )
16       an individual;                                 )
)
17    **Chele Stone**, a/k/a **Chele Medina**,      )
        an individual; and                            )
18                                                        )
       **Hugo Tapia**,                                  )
19       an individual,                                 )
)
20                    Defendants.                        )
_____)
21

22          On February 2, 2009, Plaintiff Federal Trade Commission filed a Complaint

23    for a permanent injunction and other equitable relief in this matter pursuant to

24    Section 13(b) the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).

25    Plaintiff concurrently applied _ex parte_ for a Temporary Restraining Order ("TRO")

26    pursuant to Rule 65 of the Federal Rules of Civil Procedure, and for an order to show

27    cause why a preliminary injunction should not be granted pursuant to Rule 65 of the

28    Federal Rules of Civil Procedure, and why a permanent receiver should not be

appointed.  On February 2, 2009, the Court issued a TRO with asset freeze against all Defendants, including an Order to Show Cause ("OSC") why a preliminary injunction should not issue and a permanent receiver should not be appointed over corporate Defendant National Foreclosure Relief, Inc.  The Court initially scheduled a hearing on the OSC for February 12, 2009.  The Court subsequently rescheduled the OSC hearing for March 9, 2009.  The parties having stipulated to entry of a preliminary injunction, and for good cause shown, the Court hereby enters this Preliminary Injunction With Asset Freeze, Appointment of Permanent Receiver and Other Equitable Relief:

### FINDINGS OF FACT

1.      This Court has jurisdiction of the subject matter of this case.  There is also good cause to believe it will have jurisdiction of all parties hereto, and that venue in this district is proper.

2.      There is good cause to believe that Defendants National Foreclosure Relief, Inc., David Ealy, Chele Stone a/k/a Chele Medina, and Hugo Tapia ("Defendants") have engaged in and are likely to engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is likely to prevail on the merits of this action.

3.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act unless Defendants are restrained and enjoined by Order of this Court.

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including refunds, rescission and restitution, disgorgement or other equitable monetary relief—will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records unless Defendants are immediately restrained and enjoined by Order of this Court.

5.      Good cause exists for the appointment of a Permanent Receiver over corporate Defendant National Foreclosure Relief, Inc.

6.      Considering Plaintiff's likelihood of ultimate success and weighing the equities, a Preliminary Injunction ("Order") with an asset freeze, the appointment of a Permanent Receiver, and other equitable relief is in the public interest.

7.      No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

**ORDER**

DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      "Plaintiff" means the Federal Trade Commission.

2.      "Defendants" means National Foreclosure Relief, Inc., David Ealy, Chele Stone a/k/a Chele Medina, and Hugo Tapia , and each of them, by whatever names each might be known by, as well as their successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names;

3.      "NFR" refers to Defendant National Foreclosure Relief, Inc.

4.      "Individual Defendants" refers to Defendants David Ealy, Chele Stone a/k/a Chele Medina, and Hugo Tapia.

5.      "Receivership Defendants" refers to Defendant National Foreclosure Relief, Inc., as well as any successors, assigns, affiliates, and subsidiaries that conduct any business related to NFR's mortgage foreclosure rescue services and which the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

6.      "Mortgage foreclosure rescue service" means any service, product, or program wherein the offeror, expressly or by implication, claims that it can assist a

3

homeowner in any manner to (A) stop, prevent, or postpone any home mortgage foreclosure sale, (B) obtain any forbearance from any beneficiary or mortgagee, (C) exercise any statutory right of reinstatement, (D) obtain any extension of the period within which the owner may reinstate his or her obligation, (E) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust or mortgage, (F) obtain a loan or advance of funds that is connected to the consumer's home ownership, (G) avoid or ameliorate the impairment of the owner's credit standing, credit rating or credit profile resulting from the recording of a notice of default or the conduct of a foreclosure sale, (H) save the owner's residence from foreclosure, or (I) assist the owner in obtaining from the beneficiary, mortgagee, trustee under a power of sale, or counsel for the beneficiary, mortgagee, or trustee, the remaining proceeds from the foreclosure sale of the owner's residence.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors on behalf of the homeowner; arranging or attempting to arrange for an extension of the period within which the owner of property sold at foreclosure may cure his or her default; arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale; and giving advice of any kind with respect to filing for bankruptcy.  Provided, however, that this definition shall not be construed to apply to mortgage lenders acting in the course of offering any service or product to any person whose home loan the lender currently owns or services.

      7.    "Assisting others" means knowingly providing any of the following goods or services to another person or entity:

            a.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or

b.   formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or

c.   providing names of, or assisting in the generation of, potential customers; or

d.   performing marketing services of any kind.

8.   "Material fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

9.   "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

10.   The term "document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

11.   "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## I.

## PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any

corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage foreclosure rescue service, **are hereby restrained and enjoined** from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

      A.    that any Defendant or any other person will

          1.    stop, prevent, or postpone any home mortgage foreclosure sale;

          2.    save any consumer's residence from foreclosure;

          3.    prevent a notice of default from being filed with respect to any consumer's residence or home loan;

          4.    obtain or write a new home loan for any consumer;

          5.    obtain or arrange refinancing of a home loan for any consumer;

          6.    obtain or arrange a forbearance from any beneficiary, mortgagee, or other home-loan holder;

          7.    obtain or arrange a modification of any consumer's home loan;

          8.    obtain or arrange lower monthly mortgage payments for any consumer;

          9.    obtain or arrange affordable monthly mortgage payments for any consumer;

          10.    immediately or promptly contact any consumer's home-loan holder; or

          11.    give a full refund of any fees paid if the Defendant or any other person fails to stop, prevent, or postpone any foreclosure;

      B.    the terms that any beneficiary, mortgagee, or other home-loan holder will or is likely to offer or accept to cure any delinquency or default on, or to reinstate, any mortgage or other home loan, including but not limited to:

1.    the amount of any good-faith, up-front, or lump sum payment that the consumer will be required to make; or

2.    the amount of any monthly payment(s) that the consumer will be require to make;

C.    the amount of time that it will take or is likely to take for any Defendant or other person to arrange or reach an agreement with any consumer's home-loan holder to prevent foreclosure or to cure any delinquency or default on, or to re-instate, any mortgage or other home loan;

D.    the nature of the Defendant's or any other person's relationship with any lender or other home-loan holder;

E.    the length of time that any Defendant or any other person has been in the mortgage foreclosure rescue business;

F.    the cost of such service or of any aspect of such service;

G.    that any Defendant or any other person is affiliated with, endorsed or approved by, or otherwise connected to any government agency, unit or department, including but not limited to the U.S. Department of Housing and Urban Development (H.U.D.);

H.    the refund policy of any Defendant or any other person, including but not limited to the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer; or

I.    any other material fact.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that each of the Defendants is hereby restrained and enjoined, until further order of this Court, from:

A.    Transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing,

7

conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any of the Defendants, in whole or in part; (2) in the actual or constructive possession of any of the Defendants; (3) held by an agent of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants.

B.   Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

C.   Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; and

D.   Failing to disclose to Plaintiff, immediately upon service of this Order (if not already disclosed pursuant to the TRO), information that fully identifies each asset of the Defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

E.   Provided, that the freeze imposed in this Section shall be construed to apply to assets that any of the Defendants acquires or has acquired following entry of the Temporary Restraining Order in this action only

8

if such assets are or were derived from activity prohibited by this Order or by the TRO.

## III.

## FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the TRO, within forty-eight (48) hours after service of this Order:

A.   Each of the Individual Defendants shall complete and deliver to Plaintiff the Financial Statement captioned "Financial Statement of Individual Defendant," a copy of which was attached to the TRO as Attachment 1;

B.   The Individual Defendants shall prepare and deliver to Plaintiff and the Permanent Receiver, for NFR, the Financial Statement captioned "Financial Statement of Corporate Defendant," a copy of which was attached to the TRO as Attachment 2.  The Individual Defendants shall be jointly and severally liable for this obligation;

C.   Each of the Individual Defendants shall, on behalf of each corporation of which he or she is the majority owner or otherwise controls, other than NFR, complete and deliver to Plaintiff a separate copy of the "Financial Statement of Corporate Defendant"; and

D.   Defendants shall provide the Commission access to records and documents pertaining to assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing a Consent to Release of Financial Records if requested by Plaintiff.

## IV.

## PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or

9

1   participation with any of them who receive actual notice of this Order by personal

2   service or otherwise, and each such person, are hereby restrained and enjoined from

3   destroying, erasing, mutilating, concealing, altering, transferring or otherwise

4   disposing of, in any manner, directly or indirectly, any documents that relate to the

5   business practices or finances of any of the Defendants, including, but not limited to,

6   such documents as any contracts, accounting data, correspondence, advertisements,

7   computer tapes, discs or other computerized records, books, written or printed

8   records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

9   personal and business canceled checks and check registers, bank statements,

10  appointment books, copies of federal, state, or local business or personal income or

11  property tax returns.

12      This Section specifically applies to all documents that have been or are

13  displayed on or have been or are accessible from any and all Internet websites owned

14  or controlled by any Defendant, including but not limited to any of the websites with

15  the following domain names: nationalforeclosurerelief.com or nfrelief.com.

16                                          **V.**

17                        **PROHIBITION ON RELEASE OF**

18             **CUSTOMER INFORMATION OR CUSTOMERS LISTS**

19      **IT IS FURTHER ORDERED** that Defendants, and officers, agents,

20  directors, servants, employees, salespersons, and attorneys of Defendants, as well as

21  all other persons or entities in active concert or participation with them, who receive

22  actual notice of this Order by personal service or otherwise, whether acting directly

23  or through any trust, corporation, subsidiary, division, or other device, or any of

24  them, are hereby restrained and enjoined from selling, renting, leasing, transferring,

25  or otherwise disclosing the name, address, telephone number, credit card number,

26  bank account number, e-mail address, or other identifying information of any person

27  who paid money to any of the Defendants for the purchase of any good or service or

28

                                            10

1  who were contacted or are on a list to be contacted by any of the Defendants;

2  provided that Defendants may disclose such identifying information to a law

3  enforcement agency or as required by any law, regulation, or court order.

4  ## VI.

5  ## RECORD KEEPING

6  **IT IS FURTHER ORDERED** that each of the Individual Defendants is

7  hereby restrained and enjoined from failing to make and keep, and to provide to

8  Plaintiff's counsel promptly upon request, an accurate accounting that, in reasonable

9  detail, accurately, fairly, and completely reflects such Defendant's incomes

10 (including all income resulting from any services, activity, or efforts rendered by

11 such Defendant), disbursements, transactions, and use of money, beginning

12 immediately upon service or actual notice of this Order, and continuing daily until

13 otherwise ordered by the Court.

14 ## VII.

15 ## NOTIFICATION OF BUSINESS ACTIVITIES

16 **IT IS FURTHER ORDERED** that:

17 A.   Each of the Individual Defendants is hereby restrained and enjoined

18        from directly or indirectly creating, operating, or exercising any control

19        over any business entity, including any partnership, limited partnership,

20        joint venture, sole proprietorship or corporation, without first serving on

21        counsel for the Commission a written statement disclosing the

22        following: (1) the name of the business entity; (2) the address and

23        telephone number of the business entity; (3) the names of the business

24        entity's officers, directors, principals, managers and employees; and (4)

25        a detailed description of the business entity's intended or actual

26        activities.

27

28

B.     Each of the Individual Defendants shall notify the Commission at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action.  Each notice shall include the Defendant's new business address and a statement of the nature of the business or employment and the nature of his or her duties and responsibilities in connection with that business or employment.

## VIII.

## FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the Defendants, or of any account, safe deposit box, or other asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe deposit box, or other asset at any time since **May 8, 2006**, shall:

A.     Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except for transfers or withdrawals authorized in writing by counsel for Plaintiff, by the Permanent Receiver (with respect to assets of any of the Receivership Defendants), or by further order of this Court;

B.     Deny access to any safe deposit box titled individually or jointly in the name of, or otherwise subject to access by, any of the Defendants;

C.     Provide to Plaintiff and to the Permanent Receiver, within three (3) business days of notice of this Order, and if not already provided pursuant to the TRO in this matter, a sworn statement setting forth:

1.     The identification of each account or asset;

12

2. The balance of each account or a description of the nature and value of each asset as of the close of business on the day notification of this Order is received, and, if the account or asset has been closed or moved, the balance or value removed and the person or entity to whom it was transferred; and

3. The identification of any safe deposit box titled in the name of or subject to access by any of the Defendants.

D. Upon request by counsel for Plaintiff (or by the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), promptly provide Plaintiff or the Permanent Receiver with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E. At the direction of Plaintiff (or the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities to their cash equivalents.

## IX.

## REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that within five business days following service of this Order, and if not already done pursuant to the TRO in this matter, each of the Defendants shall:

13

A.    Repatriate to the United States all funds, documents, or assets in foreign countries held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

B.    The same business day as any repatriation under paragraph A above,

1.    notify Plaintiff and the Permanent Receiver of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and

2.    serve this Order on any such financial institution or other entity;

C.    Provide Plaintiff and the Permanent Receiver with a full accounting of all funds, documents, and assets outside of the territory of the United States held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly; and

D.    Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

# X.

## APPOINTMENT OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Robb Evans, and Robb Evans & Associates LLC, is appointed Permanent Receiver for Defendant National Foreclosure Relief, Inc., as well as for any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' mortgage foreclosure rescue services and which the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants (hereinafter referred to as the "Receivership Defendants"), with the full power of an equity receiver.  The Permanent Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order.  The Permanent Receiver

shall be accountable directly to this Court.  The Permanent Receiver shall comply with all Local Rules of this Court governing receivers.

## XI.

## RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Permanent Receiver is directed and authorized to perform and accomplish the following:

A.      Assume full control of the Receivership Defendants by removing, as the Permanent Receiver deems necessary or advisable, any manager, independent contractor, employee, or agent of the Receivership Defendants, including Defendants Ealy, Stone, or Tapia from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Permanent Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

C.      Take all steps necessary to secure all premises owned, rented, leased, or otherwise controlled by the Receivership Defendants, including but not limited to all such premises located at 1505 E. 17th Street, Suites 201 and 207, Santa Ana, California.  Such steps may include, but are not limited to, the following, as the Permanent Receiver deems necessary or advisable: (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and

compensation of each such employee or agent; (4) photographing and video taping all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Permanent Receiver with proof of identification, or to demonstrate to the satisfaction of the Permanent Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants;

D. Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E. Enter into contracts and purchase insurance as advisable or necessary;

F. Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

G. Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Permanent Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

H. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Permanent Receiver deems advisable or necessary in the performance of the Receiver's duties and responsibilities under the authority granted by this Order;

I. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority

1  granted by, this Order.  The Permanent Receiver shall apply to the Court for prior

2  approval of any payment of any debt or obligation incurred by the Receivership

3  Defendants prior to the date of entry of this Order, except payments that the

4  Permanent Receiver deems necessary or advisable to secure assets of the

5  Receivership Defendants, such as rental payments;

6      J.    Determine and implement the manner in which the Receivership

7  Defendants will comply with, and prevent violations of, this Order and all other

8  applicable laws;

9      K.    Institute, compromise, adjust, appear in, intervene in, or become party to

10  such actions or proceedings in state, federal or foreign courts that the Permanent

11  Receiver deems necessary and advisable to preserve or recover the assets of the

12  Receivership Defendants or that the Permanent Receiver deems necessary and

13  advisable to carry out the Permanent Receiver's mandate under this Order;

14      L.    Defend, compromise, adjust, or otherwise dispose of any or all actions

15  or proceedings instituted in the past or in the future against the Permanent Receiver

16  in his role as Permanent Receiver, or against the Receivership Defendants that the

17  Permanent Receiver deems necessary and advisable to preserve the assets of the

18  Receivership Defendants or that the Permanent Receiver deems necessary and

19  advisable to carry out the Permanent Receiver's mandate under this Order;

20      M.    Issue subpoenas to obtain documents and records pertaining to the

21  receivership, and conduct discovery in this action on behalf of the receivership

22  estate;

23      N.    Open one or more bank accounts as designated depositories for funds of

24  the Receivership Defendants.  The Permanent Receiver shall deposit all funds of the

25  Receivership Defendants in such a designated account and shall make all payments

26  and disbursements from the receivership estate from such an account; and

27

28

O.    Maintain accurate records of all receipts and expenditures that he makes as Permanent Receiver.

## XII.

### COOPERATION WITH THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, shall fully cooperate with and assist the Permanent Receiver.  Such cooperation and assistance shall include, but not be limited to, providing any information to the Permanent Receiver that the Permanent Receiver deems necessary to exercising the authority and discharging the responsibilities of the Permanent Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Permanent Receiver.

Defendants are hereby restrained and enjoined from directly or indirectly:

A.    Transacting any of the business of the Receivership Defendants, or transacting business under the name National Foreclosure Relief, Inc., or any substantially similar name;

B.    Destroying, concealing, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Permanent Receiver;

D. Excusing debts owed to the Receivership Defendants;

E. Failing to notify the Permanent Receiver of any asset, including accounts, of any Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Permanent Receiver in connection with obtaining possession, custody, or control of such assets; or

F. Doing any act or refraining from any act whatsoever to interfere with the Permanent Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Permanent Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

## XIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A. Immediately upon service of this Order upon them, or within a period permitted by the Permanent Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of the Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1. All assets of the Receivership Defendants;

2. All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements,

canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.     All assets belonging to members of the public now held by the Receivership Defendants; and

4.     All keys and codes necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.     In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Permanent Receiver may file, on an <u>ex</u> <u>parte</u> basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Permanent Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county  to seize the asset, document, or other thing and to deliver it to the Permanent Receiver.

**XIV.**

**BANKRUPTCY PETITIONS**

**IT IS FURTHER ORDERED** that, in light of the asset freeze and appointment of the Permanent Receiver, Defendants are hereby prohibited from filing, or causing to be filed, on behalf of any Receivership Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 <u>et</u> <u>seq.</u>, without prior permission from this Court.

**IT IS FURTHER ORDERED** that, in light of the asset freeze, Individual Defendants must give 21 days' notice to Plaintiff prior to filing, or causing to be filed, on behalf of the Individual Defendants, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 <u>et</u> <u>seq.</u>

## XV.

## TRANSFER OF FUNDS TO THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Permanent Receiver relating to implementation of this Order, including transferring funds at his direction and producing records related to the assets of the Receivership Defendants.

## XVI.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.     Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities (except for Plaintiff) are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of:  a) the Corporate Defendant, NFR, or b) any of NFR's assets, or c) the Permanent Receiver or the Permanent Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.     Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.     Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

/ / /

3.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4.      Doing any act or thing whatsoever to interfere with the Permanent Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Permanent Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

B.      Paragraph (A) of this Section does not stay:

1.      The commencement or continuation of a criminal action or proceeding;

2.      The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.      The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.      The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5.      The issuance to a Receivership Defendant of a notice of tax deficiency.

1   C.     Except as otherwise provided in this Order, all persons and entities in
2   need of documentation from the Permanent Receiver shall in all instances first
3   attempt to secure such information by submitting a formal written request to the
4   Permanent Receiver, and, if such request has not been responded to within thirty (30)
5   days of receipt by the Permanent Receiver, any such person or entity may thereafter
6   seek an order of this Court with regard to the relief requested.

7                                            **XVII.**

8                    **COMPENSATION OF PERMANENT RECEIVER**

9          **IT IS FURTHER ORDERED** that the Permanent Receiver and all personnel
10   hired by the Permanent Receiver as herein authorized, including counsel to the
11   Permanent Receiver and accountants, are entitled to reasonable compensation for the
12   performance of duties pursuant to this Order and for the cost of actual out-of-pocket
13   expenses incurred by them, from the assets now held by or in the possession or
14   control of or which may be received by the Receivership Defendants.  The
15   Permanent Receiver shall file with the Court and serve on the parties periodic
16   requests for the payment of such reasonable compensation, with the first such request
17   filed no more than sixty days after the date of this Order.  The Permanent Receiver
18   shall not increase the hourly rates used as the bases for such fee applications without
19   prior approval of the Court.

20                                          **XVIII.**

21                             **RECEIVER'S BOND**

22          **IT IS FURTHER ORDERED** that the Permanent Receiver is not required to
23   file a bond.

24                                            **XIX.**

25                          **DISTRIBUTION OF ORDER**

26          **IT IS FURTHER ORDERED** that the Individual Defendants shall
27   immediately provide a copy of this Order to each of NFR's affiliates, franchises,

28

subsidiaries, divisions, successors, assigns, directors, officers, and managing agents and shall, within three (3) business days from the date of service of this Order, serve on Plaintiff affidavits identifying the names, titles, addresses, and telephone numbers of the persons and entities whom they have served pursuant to this provision.  The Permanent Receiver has no obligation under this provision.

**XX.**

**CREDIT REPORTS**

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

**XXI.**

**LIMITED EXPEDITED DISCOVERY**

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after service of this Order to:

    A.    Take the deposition of any person or entity, without limitation, for the purpose of:

        1.    discovering the nature, location, status, and extent of assets of any of the Defendants, including Receivership Defendants, or of their affiliates or of their subsidiaries,

        2.    discovering the nature, location, status and extent of documents reflecting the business transactions of any of the Defendants;

        3.    discovering the nature and extent of Defendants' business activities, and

    B.    Demand the production of documents from any person or entity relating to the nature, status, location and extent of any of the Defendants' assets,

and the location of any documents reflecting the Defendants' business transactions or the nature and extent of Defendants' business operations. Thirty-six (36) hours notice shall be deemed sufficient for any such deposition and forty-eight (48) hours notice shall be deemed sufficient for the production of any such documents.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) shall not apply to depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery taken pursuant to this Section shall be sufficient if made by facsimile, by overnight delivery, or by email.

## XXII.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order and for the remainder of this action, all correspondence and service of pleadings delivered by mail, fax, overnight courier, or hand shall be addressed to Plaintiff at:

> John D. Jacobs
> Barbara Y.K. Chun
> Federal Trade Commission
> 10877 Wilshire Blvd., #700
> Los Angeles, CA  90024
> Fax: (310) 824-4380

In addition, all documents required to be served in this case may be served by e-mail using the following e-mail addresses:

John Jacobs: jjacobs@ftc.gov;          Michael Stoller: mikestoller@earthlink.com

Barbara Chun: bchun@ftc.gov;          Andrea Rice: ALRiceesq@aol.com

William Drescher: 88law@sbcglobal.net

/ / /

## XXIII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order.

**SO ORDERED:**

Dated: March 6, 2009

_David O. Carter_

Hon. David O. Carter
United States District Judge