WILLARD K. TOM
General Counsel

JOHN D. JACOBS, Cal. Bar No. 134154
BARBARA Y.K. CHUN, Cal. Bar No. 186907
Federal Trade Commission
10877 Wilshire Blvd., Ste. 700
Los Angeles, CA 90024
(310) 824-4343 (ph.)
(310) 824-4380 (fax)
jjacobs@ftc.gov; bchun@ftc.gov

Attorneys for Plaintiff FTC

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, | Case No. SACV-09-117-DOC(MLGx) |
| Plaintiff, | **STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS AS TO DEFENDANT AS TO DEFENDANT DAVID EALY** |
| v. | |
| **National Foreclosure Relief, Inc.**, et al. a corporation; | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on February 2, 2009, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to obtain preliminary and permanent injunctive and other equitable relief for Defendants' violations of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of mortgage loan modification and foreclosure relief services. The FTC and Defendant David Ealy ("Defendant") have stipulated to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

Having reviewed Plaintiff's and Defendant's Stipulation to Entry of Final Order as to Defendant David Ealy, and good cause appearing therefor, the Court hereby orders as follows:

# FINDINGS

By stipulation of the parties and being advised of the premises, the Court finds:

1. This is an action by the FTC instituted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b). The Complaint seeks both permanent injunctive relief and consumer redress for Defendant's alleged deceptive acts or practices in connection with the marketing and sale of mortgage loan modification and foreclosure relief services.

2. The FTC has the authority under Section 13(b) of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief can be granted against Defendant.

3. This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendant. Venue in the Central District of California is proper.

4. The activities of Defendant, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. The parties stipulate and agree to entry of this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint to the date of entry of this Order. This settlement does not settle and resolve any matters not alleged in the Complaint. Defendant does not admit any of the allegations set forth in the Complaint, other than the jurisdictional facts, merely by stipulating and agreeing to the entry of this Order.

6. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant also waives any claim that he may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each settling party shall bear its own costs and attorneys fees.

7.   This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.   This Order is remedial in nature and shall not be construed as the payment of a fine, penalty, punitive assessment, or forfeiture.

9.   Defendant waives any claim that he may hold against the Commission, its employees, representatives or agents.

10.  Defendant waives any claim that he may hold against the Permanent Receiver, his employees, representatives, or agents.

11.  Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.   "***Assisting others***" includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2.   "***Credit***" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

3.   "***Debt relief good or service***" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer

and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

  4. "*Defendant*" means Defendant David Ealy.

  5. "*Financial related good or service*" means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; or (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

  6. "*Federal homeowner relief or financial stability program*" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E)

any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

7. ***"For-profit"*** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

8. ***"Material fact"*** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

9. ***"Mortgage loan modification or foreclosure relief service"*** means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within

which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10. "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11. "*Receiver*" or "*Permanent Receiver*" means Robb Evans and Robb Evans & Associates, LLC.

12. "*Servicer*" means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

## ORDER

### I.

### BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**IT IS THEREFORE ORDERED** that Defendant, whether acting directly or through any other person, is permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

/ / /

# II.

# PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES

**IT IS FURTHER ORDERED** that Defendant and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    1. The terms or rates that are available for any loan or other extension of credit, including but not limited to:

        (a) closing costs or other fees;

        (b) the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

        (c) the savings associated with the credit;

        (d) the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        (e) whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

    (f) that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

    (g) that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

  2. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

  3. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

  4. Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls; and

  5. That a consumer will receive legal representation;

 B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## III.
## PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendant and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the

advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    A.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    B.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

    C.    The total costs to purchase, receive, or use, and the quantity of, the good or service;

    D.    Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

    E.    Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## IV.
## PROHIBITION ON ENFORCEMENT OF CONTRACTS

**IT IS FURTHER ORDERED** that Defendant and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently enjoined from demanding payment on or enforcing or threatening to enforce any contract or agreement with any consumer, in conjunction with the sale of any mortgage loan modification or

foreclosure relief service, entered into by Defendant National Foreclosure Relief, Inc., prior to the effective date of this Order.

## V.

## PROHIBITION ON SALE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant and his agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A.	disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service; and

B.	failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

/ / /

# VI.

# MONETARY RELIEF

**IT IS FURTHER ORDERED** that Judgment is hereby entered against Defendant Ealy in the amount of $12,000,000 (TWELVE MILLION DOLLARS); *provided, however*, that this judgment shall be suspended upon Defendant Ealy's payment to the FTC of all funds remaining as of the date of entry of this Order in the accounts belonging to or held in the name of Defendant Ealy as follows: HSBC Account ending in 8664; ING Direct Account ending in 0752, and WaMu/Chase accounts ending in 4384, 3413, and 8476. Toward satisfying this judgment, Defendant hereby authorizes, and the Court hereby directs, HSBC Bank USA, ING Direct, and WaMu/Chase to release to the FTC all funds remaining in the above accounts belonging to or held in the name of Defendant Ealy. Such funds shall be paid to the FTC within five [5] business days after this Order has been served by fax upon said financial institution(s) (or as otherwise agreed between Plaintiff and the financial institution). Payment shall be made by wire transfer or check, as directed by the FTC, its counsel or other representative. After all funds have been transferred from these accounts to the FTC, all holds or freezes on these accounts shall be lifted.

    A.    All funds paid to the FTC pursuant to this Paragraph shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to restitution and any attendant expenses for the administration of any restitution fund. In the event that direct restitution to consumers is wholly or partially impracticable or funds remain after restitution is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint. Any funds paid to the FTC and not used for such equitable relief shall be deposited to the Department of the Treasury as

disgorgement and not as a fine or penalty. The Commission shall have full and sole discretion to:

1. Determine the criteria for participation by individual claimants in any consumer restitution program implemented pursuant to this Order;
2. Determine the manner and timing of any notices to be given to consumers regarding the existence and terms of such programs, and
3. Delegate any and all tasks connected with such restitution program to any individual, partnerships, or corporations; and pay reasonable fees, salaries, and expenses incurred thereby from the payments made pursuant to this Order;

B. Defendant shall have no right to challenge the Commission's choice of remedies under this Paragraph.

C. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise.

D. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

## VII.

## RELIANCE ON REPRESENTATIONS

**IT IS FURTHER ORDERED** that the Commission's agreement to, and the Court's approval of, this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant's financial condition, as represented in the financial statement dated February 3, 2010, which the Commission relied upon in negotiating and agreeing to the terms of this Order.  If, upon motion by the Commission to the Court, the Court finds that Defendant, in any of the above-referenced materials, failed to disclose any asset with a value in excess of $1,000, materially misrepresented the value of any asset, or made any other material misrepresentation or omission, the suspended judgment against Defendant Ealy above in Paragraph VI in the amount of $12,000,000.00 (TWELVE MILLION DOLLARS) shall become immediately due and payable, less any payments already made by any Defendant in this action, plus interest from the date of entry of this Order as allowed by law; provided, however, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, provided further, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order. For purposes of this Section, Defendant Ealy waives any right to contest any of the allegations in the Complaint.

## VIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of the Defendant's financial statement upon which the Commission's agreement to this Order is expressly premised:

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to use all other lawful means, including but not limited to the following:

    1.    Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69; and

    2.    Having its representatives pose as consumers and suppliers to Defendant, his employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.    Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX.

## COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the

provisions of this Order may be monitored:

    A.    Defendant shall, for a period of five (5) years after the date of entry of this Order, notify the Commission of the following:

        1.    Any changes in Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

        2.    Any changes in Defendant's employment status (including self-employment), and any change in Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant's duties and responsibilities in connection with the business or employment; and

        3.    Any changes in Defendant's name or use of any aliases or fictitious names, within ten (10) days of the date of such change.

    B.    Defendant shall, for a period of five (5) years after the date of entry of this Order, notify the Commission of any changes in any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge;

    C.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant shall provide a written

report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which Defendant has complied and is complying with this Order.  This report shall include, but not be limited to:

        1.    Defendant's then-current residence address, mailing addresses, and telephone numbers;

        2.    Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment;

        3.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to Paragraph XI.C, below; and

        4.    Any other changes required to be reported under part A of this Paragraph;

    D.    Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing;

    E.    For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Order to::

        Associate Director of Enforcement
        Bureau of Consumer Protection
        Federal Trade Commission
        600 Pennsylvania Ave., N.W.
        Washington, D.C. 20580

        Re:  **FTC v. National Foreclosure Relief, Inc.**
        Civil Action No. SACV-09-117 DOC
        FTC Matter No. X090026

*Provided that,* in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov; and

  F. For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## X.
## RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant, in connection with every business where Defendant is the majority owner or directly or indirectly controls the business, is hereby restrained and enjoined from failing to create and retain the following records:

  A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

  B. Personnel records accurately reflecting: the name, address, email address (if any) and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

  C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

  D. Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

  E. Copies of all sales scripts, training materials, advertisements, website printouts, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Paragraph XI.C, below, and all reports submitted to the FTC pursuant to Paragraph IX, above (entitled "Compliance Reporting By Defendant").

## XI.

## DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below:

A. Defendant as Control Person: For any business that Defendant controls, directly or indirectly, or in which Defendant has a majority ownership interest, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Paragraph IX.B, above (titled "Compliance Reporting by Defendant"). For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Paragraph IX.B, above (titled "Compliance Reporting by Defendant"), delivery shall be at least ten (10) days prior to the change in structure.

B. Defendant as Employee or Non-Control Person: For any business where Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant must secure a signed and dated statement acknowledging

receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph.

## XII.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER
## BY DEFENDANT

**IT IS FURTHER ORDERED** that, within five (5) business days of receipt of this Order as entered by the Court, Defendant must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XIII.
## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XIV.
## SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, all of the remaining provisions shall remain in full force and effect.

///

## XV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**IT IS SO ORDERED**.

DATED: September 21, 2010

_____
DAVID O. CARTER
United States District Judge